

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:                           Attention: Mr. Fred V. Meridith

Opinion No. 0-1408
Re: Where the county hires a man
by the month who, during the
term of employment, marries a
daughter of one of the county
Commissioners and after mar-
riage works the rest of the
month is entitled to be paid
for the balance of the month.

Your letter of September 7, 1939, containing a
request for an opinion from this Department reads as fol-
lows:

"A truckdriver, who had been hired by one of
the county commissioners for several months pre-
viously, married the daughter of his employer-
commissioner. The truckdriver was paid by the
county and was paid once each month. The marriage
took place in the middle of the month, and the truck-
driver continued to work the balance of the month
and received his pay check for that month as usual.
The truckdriver worked for the first five days of
the following month, in the same position as he
formerly held, at which time the commissioner
learned that this was a violation of the nepotism
law, and the truckdriver-son-in-law was removed
from the county payroll by the commissioner-
father-in-law.

"Was the truckdriver son in law entitled to
two weeks notice before his employment was termi-
nated, and entitled to the pay that he received
for the balance of his month after he married?

"Should the auditor approve for payment the warrant to be issued in payment of the son in law's services for the first five days of the month he worked before he was removed from his position?

"If the son in law was entitled to two weeks (or other period) of notice before his employment terminated, would the fact that he was allowed to work out his month be sufficient cause to constitute a violation of the nepotism law by the commissioner-father-in-law? Even if the employee was not entitled to any notice, would the commissioner be guilty of violation of the nepotism law if he allowed his son-in-law to finish his month out after marriage?"

Opinion No. 0-361 by Glenn R. Lewis covers a fact situation that is very similar to yours. The pertinent parts of the opinion read as follows:

"Article 432, Penal Code, provides that "No officer . . . of any . . . school district . . shall appoint, or vote for or confirm the appointment to any office, position . . . of any person related within the third degree," etc.

"Article 435, Penal Code, reads as follows:

"No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

"We have been unable to find and believe there are no cases reported which determine this point under the Texas statutes. However, bearing in mind the main purpose of the Nepotism Statute, we are quite certain that no violation of the above statutes is here involved. The main purpose of such statutes is to remove the temptation to employ close relatives, thus eliminating kinship to the employing or appointing persons and boards as an element of competition.

"Otherwise, in too many instances the position of employment would be awarded to a needy relative rather than to another person who actually possessed more satisfactory qualifications. Needless to say the public would suffer.

"Here the employment was made at a time when the relationship did not exist and therefore did not induce or contribute to inducing the employment.

"Article 435 refers to Article 432, and forbids paying an ineligible officer or person."

In light of the above opinion, I will answer your questions in the following manner:

1. The truckdriver was entitled to his pay for the balance of the month.

2. As this was a month to month job, the son-in-law and father-in-law came under the purview of Article 432, Penal Code, on the first of the month following the marriage. The auditor should not approve payment for the five days of the next month.

3. As is clearly stated in the above opinion the father-in-law would not be guilty of violation of the nepotism statutes in allowing his son-in-law to finish the month's work.

Your question in regard to notice was not covered in the above opinion. This point is made clear in the case of Fairless vs. The Cameron County Water Imp. District No. 1, 25 S. W. (2d) 651, from which I quote:

"The employment of the appellant was a plain violation of the nepotism law, and he has no cause to complain because of his discharge by the board of directors, who, upon learning that they were acting contrary to law, promptly discharged him and relieved themselves of any charge of wilfull disobedience to the law."

No notice is necessary as employment after the first of the month would have been in direct violation of the Penal Code

Honorable Fred T. Porter, Page 4

of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Frederick B. Isely
Assistant

FBI:jm

APPROVED SEP 29, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN